UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TOMMY JOE GREGORY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:24-CV-359-CLC-JEM |
| QUALITY CARE HEALTH CARE and PATRICK LNU, | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Plaintiff, Tommy Joe Gregory, a prisoner proceeding pro se and *in forma pauperis*, filed an amended complaint under 42 U.S.C. § 1983 that is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the Court will dismiss the amended complaint without prejudice for failure to state a claim.

**I.  SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the

PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well pleaded and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

## II. ALLEGATIONS OF AMENDED COMPLAINT[1]

Plaintiff wears a colostomy bag as the result of a gunshot wound he sustained before being incarcerated in the Sevier County Jail [Doc. 8 at 3–4]. At some undisclosed time, Plaintiff's surgeon told him he would need to follow up with an ostomy specialist and "see an urgent care trauma center" [*Id.* at 4]. Plaintiff is now incarcerated, and Quality Care Health Care ("QCHC")—the medical provider at the jail—and Patrick (last name unknown) "refuse to follow [the] surgeon[']s protocols and referrals and continue [Plaintiff's] care" [*Id.*].

Plaintiff has experienced excruciating pain in his lower back for the past three months, he has experienced pains in his stomach, and his colostomy bag has been filling up with blood [*Id.*]. Defendant Patrick, a medical provider at the Sevier County Jail, made a comment that Plaintiff

---

[1] The Court previously permitted Plaintiff to file an amended complaint "**with a short and plain statement of facts** setting forth who allegedly violated his rights, what specific (in)action each Defendant took that violated his rights, how each Defendant knew that the (in)action posed a risk to Plaintiff, and how each Defendant disregarded the risk" [Doc. 7 at 6]. It notified Plaintiff "that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings" [*Id.* at 7].

2

was probably stabbing his own stomach with an ink pen [*Id.*]. Plaintiff maintains he is "being treated improperly" [*Id.*].

Aggrieved, Plaintiff filed this action against QCHC and Patrick (last name unknown), asking the Court to order him to be "checked out by an ostomy specialist or other healthcare provider" [*Id.* at 5].

### III. ANALYSIS

First, Plaintiff does not allege any facts that would allow the Court to plausibly infer that a policy of Defendant QCHC violated Plaintiff's constitutional rights. Accordingly, he has failed to state a claim against QCHC, and this Defendant will be **DISMISSED**. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (providing entity "cannot be held liable unless action pursuant to official [company] policy of some nature caused a constitutional tort").

Next, the Court considers Plaintiff's allegation that Defendant Patrick is providing "improper health[] care" [Doc. 8 at 4]. To state an Eighth Amendment claim for the denial of constitutionally adequate medical treatment, a plaintiff must show a "sufficiently serious" need that the defendant responded to with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). A prisoner demonstrates deliberate indifference by showing "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

While Plaintiff has alleged that Defendant Patrick has refused to follow the course of treatment prescribed by Plaintiff's surgeon and insinuated that Plaintiff is causing his medical issues, Plaintiff's allegations confirm that he is receiving some sort of medical evaluation and/or care. And a prisoner cannot state a claim of deliberate indifference by suggesting that he was

3

misdiagnosed or not treated in a manner he desired. *See, e.g., Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "[m]isdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). Neither does Plaintiff state a colorable constitutional claim merely by stating that Defendant Patrick refused his surgeon's protocols, as medical professionals are "free to devise [their] own treatment plan" using their medical judgment. *Lloyd v. Moats*, 721 F. App'x 490, 495 (7th Cir. 2017) (citing *Holloway v. Del. Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012)); *see also Rhinehart v. Scutt*, 894 F.3d 721, 742 (6th Cir. 2018) ("A prison doctor's failure to follow an outside specialist's recommendation does not necessarily establish inadequate care.").

Here, Plaintiff has not provided any factual support for what has transpired in his medical evaluations (beyond Defendant Patrick's ink-pen comment). He merely alleges that he is "being treated improperly" without disclosing what that entails [Doc. 8 at 4]. Such conclusory allegations are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 (holding conclusory allegations fail to state a constitutional claim). That is, while it is certainly possible that Plaintiff has been denied constitutionally adequate medical care, he has not alleged sufficient facts to push his claims "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. Accordingly, his amended complaint will be **DISMISSED** for failure to state a claim upon which § 1983 relief may be granted.

IV. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's complaint will be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted; and

2. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

4

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**